Ms. Watson, will you call our next case, please? 17-1543 David Gassman v. Clerk of the Circuit Court Good morning. Will Counsel on Gassman please approach. And please identify yourselves and tell us who you represent. Good morning. I'm Joseph Tye. I represent the Plaintiffs and Defendants. Good morning, Your Honors. Assistant State's Attorney, Maurice Bacuzette, and I represent the Circuit Court Clerk, V. M. Lee. And I will tell you, Ms. Bacuzette, I used to practice in the same suite of offices as Mr. Tye. We handled some cases together. That has been probably a couple of generations ago, but I'm just helping with that. And with the understanding that we have read your briefs and are familiar with the issues in the record, how much time would you like? 15 minutes. All right. The same, please. All right. And we'll include in your time a couple of minutes for your rebuttal. Thank you. All right. And Mr. Tye, would you like to proceed? Yes, thank you. I have had some familiarity with the struggles between my co-counsel and his clients and the Office of the Clerk of the Circuit Court of Cook County, the current office holder. But I did not become involved in any of those matters until 2011. This case arises out of the fountainhead of all of the disputes. It started way back when progressives on the lakefront were talking about whether our country could survive a president as unfit as W without a concern for our country. And there was a dispute over a payment on a no-fee filing. It blew up, gave rise to lawsuit after lawsuit throughout the circuit court, all led by my co-counsel. He's not here today because of the weather and because of his health. I told him I'd be talking about it behind his back in his presence if he came here. The manner by which the litigation and the dispute developed had a contaminating effect on everything that has happened since. The subject matter and the nature of the sensitive responsibility of the people involved in the disputes has had a contaminating impact on the progression of this matter and its current significance. But we can't. But we're not here for that. You can't decide a case about personal disputes. No, I agree with you. I offer that only for backdrop because the problem here is this court spoke two years ago with clarity about issues of law that predate the companies. Latin terms, mandamus, going back before when the king in England was still a Catholic. This is the fundamental issue of law that this court addressed with clarity two years ago. After repeated efforts to get an issue resolved where the government official twice said, your claims are moot, we fixed the problem. And then it was sent back. And then a third time the government said, there is nothing for anyone to deal with here. We have fixed the problem. Leave us alone. That is a misunderstanding. Let's assume that you have evidence that the clerk has continued to charge this fee inappropriately. Yes, sir. In light of Glassman 1. Let's assume that. Yes, sir. So then the question becomes the check. Yes, sir. So the check, first of all, it's, well, I guess the key question on the check is who they sent it to. Yes, sir. Now, did Jonathan, but David withdraws from the case. Yes, sir. And he files something everybody knows. David and that law firm is no longer involved in the case. Yes, sir. And Jonathan files an appearance with his name. I believe so, sir. And his address, which is different than David. Yes, sir. And says, I'm the consul now of record. Yes, sir. Is that right? So and the check goes to David. I mean, is there any reason why that, I mean, it seems to me that they're arguing, well, that's okay, that it went to the wrong, they argue, the clerk's office. Yes. But you say there is no basis for them to have sent it to David. Right. What about, was David's name, did it disappear from the pleadings after he was, completely disappear from the pleadings after he was no longer involved? Well, Mr. Was there any question of whether David was involved in that? Under Rule 764, I believe that's the right rule, Mr. Nowicelski was required to withdraw. Okay. He did. It was a requirement of the Supreme Court in disposition of another matter. So he withdrew and gave notice of his withdrawal and gave notice of the reason for his withdrawal as required by the rules. The decision of this court came down in 2017. Mr. Nowicelski had withdrawn in 2015. He was suspended for five, six months. The problem with the maneuver is that it was a clever maneuver in a civil case, but when you live by a technicality, you may die by your own technicalities. They could have done it right. They had to do it exactly right because this was a midnight escape move to get out from a lawsuit on a dispute that had been going on at that point for 13 years, where until this court spoke, courts had been convinced by the clerk's assertions that there was nothing for the courts to address. There was no need for the judicial system to hold itself under the compliance of the law because there were representations made by sworn officers of the judicial system that there was compliance. And it came to this court after two such efforts and went back, and then as a third move, somebody tried to do another Lucy Van Pelt and move the football. But in doing so, they did not do it perfectly. And that falls on them. And the reason why it falls on them is because of the nature of the remedy. The whole Barber kickoff move is to take care of a problem where there's a class action. An individual believes himself or herself or itself to be aggrieved, whether it suffered a monetary loss or was denied rights. And the legal system is such that it doesn't necessarily make sense to expect all of those people to sue one at a time, and there's a class action device. But a requirement of that is representation. You have to be a representative class member. So if your claim is settled and you have no matters to seek as redress, you're not representative of the class. You can't be trusted with that. But a mandamus is not that. A mandamus finds itself in the words of Clemenza from Godfather I, a pain in the ass, innocent bystander who happens to be angry or upset or sees something not going on according to the law and has a right to bring it to the government's attention through the judicial system. It doesn't matter whether that person is hurt, whether that person is unreasonable, whether that person is the personification of King Solomon. It doesn't matter if it's a lot of money or a little money. So your argument is that you can't pick them off. You can't pick off a mandamus plaintiff. Right. That's one argument. You can't just say we picked them off and therefore go ahead. Let me go back before that. Sure. That's a fair question. Did they pick them off? No. Okay, well. Because they did not issue payment to the plaintiff. But they issued payment to the plaintiff. It was a solvable problem, but it was. You're saying they should have sent the check to Jonathan. Yes. Mr. Tye, two things first. Eighteen years ago, 19 years ago now, I was the clerk of the circuit court. I'm pretty sure that no clerk of the circuit court. I know that when I was the clerk, I didn't want to collect fees that were illegal. Right. There might have been mistakes made. Right. We might have been following previous practice and not know there was a mistake, and this clerk might have been doing that. I don't really know how it started. But I know that, secondly, I will tell you that while I was the clerk, I hired Kelly Snell, but it was 19 years ago now, and so I don't feel that interferes with my ability to take care of this case as it stands right now. Your main argument is that the clerk was charging a fee that was inappropriate because the law does not allow a clerk to charge fees for vacating or modifying non-final orders. Yes. And your second argument is, oh, and by the way, once they decided that, they wrote the wrong memo of instruction to their cashiers, they just worded it wrong, and they should fix that. And your third argument is, oh, and by the way, they sent the check to the wrong person. So if we could just focus on the memo for a minute. You're saying that the memo was worded improperly. Yes. And that one of the fixes is we could remand it back for the trial court to say to the clerk, write the right kind of memo, fix the memo. Right. Is that what you're asking us to do? As part of the remedy of mandamus, there would be a prohibition against the imposition of the charge. I presume that as part of the prohibition, the circuit court would want to set up a procedure that would be more likely to guarantee that there wouldn't be a recurrence of the problem. And in connection with that, I would expect that the clerk's office would say, will this work as an internal governance to make this satisfactory for mandamus? But I don't know that they would be required as part of a mandamus that says you must do this. Do you know, Ray, I think there's some county ordinance complication with this. Has any county ordinance said to the clerk of the court, hey, collect this money? No. The problem. I admit that I should know that. But from 19 years ago, I just don't. The lifeblood of the right to impose the charge is the General Assembly. The range of the charge to be imposed is to be established by the county. There's a minimum and a maximum. And to get to the maximum, there has to be. My question is. But I'm not aware of any governing. In this particular fee, is there some county ordinance overlap that needs to also be taken care of? I don't believe so, except possibly to conform to the fact that the clerk's interpretation, as set by the court, is such and so. And, therefore, the county is not going to be looking for. That part of how they work the fine-tuning within the county, I don't know that there's a need to be enabling. Mr. Tide, the county is always looking for money. And they will try every which way to get it bound in fees and fines. Believe me. I know. That I remember vividly. But the law requires that the clerk not impose charges on motions to reconsider or to vacate or to modify non-final orders. Right. This court pointed out last time that the clerk may well have an argument to take down to Springfield because the law and the practices of the party and the terminology of lawyers creates an opportunity for some confusion. The memo created by the clerk's office did not resolve that confusion. It made it worse. They said, these are fees we will not charge. These are charges we will make. And the one on the bottom is an umbrella charge. We'll charge for vacating dismissals. Right. So the circuit court should have decided. Most dismissals that aren't final are a dismissal for one, prosecution, or a voluntary non-suit. And that's why I think it's so important that we not allow the clerk to frame the issues in terms of we don't need any help, this matter is moved. A court had to get involved. There is a legitimate concern. I'm not one of those people who says we should have a lawsuit every time. There should be a way where a court can say, can we agree upon a set of procedures that are reasonable and allow for the unreasonable oddball cases to be worked out, as opposed to what the county has or the clerk has proposed, which is I'm going to do what I continue to do, and if somebody has a problem, they can take me to court. Why can't it be the other way, since we're here on a mandamus? Why can't it be that you must seek relief from a court if you think this is one of those handful of dispositional, final orders that require a fine, and you get the court to say in order to hear this motion, you're going to have to decide, Judge, whether or not this is a case that's warranted a fee, because under the rules, we can't charge it if it's not final, and we don't want to put litigants at the risk of bearing costs that shouldn't be imposed upon them for the few that we can catch, since they're here on a motion to vacate and they're here to see you anyway. Those are things that could have been addressed in a reasonable discussion towards the goal of fulfilling this court's decision and deciding whether there was a need. Part of that, and the reason why I'm here, and the reason why I began my argument the way I did, is because when you're talking about something like the clerk's books, you're talking about a difficult set of problems, and the reason I believe why the circuit court gravitated to the mootness defense is because the circuit court needs an even stronger statement from this court that all it is doing is applying the bedrock principles that predated this country. There is a government... But there's an easier way. I mean, the fact is Glassman 1 said what to do, and this is the following. I mean, whether the history, it's interesting, but Glassman 1 said what we meant, and the memo apparently did not because we know from your complaint, amended complaint, that there are instances where people are being charged they shouldn't. So the problem that you, Co-Counsel, brought up years ago is still ongoing. The extent of the awareness of the implications of the redress of the problem has ballooned to a difficult problem for people to confront. When I got into this case, it was after this court issued its decision in the mandamus as a published decision. I believed that this court's decision would empower the members of the circuit court to address this extremely difficult burden that falls upon all of us because numbers don't lie. And that is a huge problem that's not going to get better. And we have to ask ourselves, do we resort to the time-honored traditions of mandamus and say it may be hard, there may be difficulties, there may be a lot of people upset, but we're either a government of the law or we're a government that stands apart from the people. And of all the times in our nation's history when we are not at war but we have reasons to worry about whether the government follows the law or is authoritarian,  imposing the law on that branch of government because it's the right thing to do even if it will bleed inevitably. And that's why I wanted to make this argument because I don't want anybody thinking that I'm here under false pretenses. The decision mandated by the law, in my opinion, the decision required by the rejection of mootness, will put a very difficult set of questions that could lead to concerns about impacts on others because of the clerk's office. And the only safe way for our society to handle that is to say the law must be followed going forward. There would be a remedy in this case of a procedure where a court would have jurisdiction over the problem. People involved in that case understand the significance of the case and would do everything in their power to make sure that the world, our county, gets through it. But this is why Profiles in Courage is such a thin book and still has a Pulitzer Prize attached to it. This is difficult. This requires us all to say we'll deal with what comes but we have to move forward the right way. Because if we don't, we validate the idea that there's a thing called government and it's separate from a thing called the people. And that hasn't been the law in any land in centuries. Thank you. Thank you, Mr. Tye. Ms. Bacusa? May it please the Court. This Court and Gassman-Warren reversed the Circuit Court and, as you know, ruled that the Clerks of the Courts Act does not allow the Circuit Court clerk to charge fees to vacate or modify non-final orders. That is the law of the land. The Circuit Court, well, at least the law of Cook County. Okay. Yes. And the Circuit Court clerk is following Gassman-Warren. There is no – Well, there's the memo that was issued that the clerk relied on in the trial court that said fees should be charged for, quote, petitions to vacate or modify a dismissal. That's what the memo says. No, I'm sorry. Paragraph 7 says fees for petitions should not be charged in the following circumstances. And then it goes on. Fees should not be charged for a petition to vacate or modify a judgment or order that is anything other than the judgment or order that disposes of the case, but should be charged for petitions to vacate or modify a dismissal. So some clerk in the clerk's office sees that memo and somebody comes in and they say, I want to vacate the dismissal of my case. It was dismissed for want of prosecution. Looking at that memo, we know from the allegations of the complaint, and that's all we're dealing with, that the clerk is continuing to collect that fee. Your Honor, the record shows that 362 to 364. I can pull the memorandum. It says they may not charge a fee to vacate a dismissal for want of prosecution. But whatever it says, the fact is they have two plaintiffs who have been charged a fee that shouldn't have been charged a fee. Do you agree that they shouldn't have been charged a fee? The plaintiffs, should they have been charged a fee? The plaintiffs that you can't agree, then we have a dispute. The plaintiffs, we refunded their fee. Okay, so we'll talk about that in a minute. We'll get to that. But let's talk about, if we have a dispute here, we have a live case. So you don't agree? You're not saying you agree? I think what might, I'd ask the court to take judicial notice that after the memorandum was issued and after the affidavit was attached to our motion to dismiss based on mootness and after the tender, the circuit court clerk's office, we'd ask you to take judicial notice, I have copies for everyone, that there's a motion to vacate cover sheet and it allows the filers themselves to say that it's a motion to vacate, modify, or reconsider or reinstate a non-final order. That's option three. The clerk's not making this decision. That's when I began the argument. You didn't make that argument in your brief about the cover sheet. This is a form that the filers are using. You didn't make that argument in your brief about the cover sheet. That's not in the record. I think that the briefs may have predated this brief. No, it's not in the record, so we can't consider it. Okay, I guess we'd ask that you take judicial notice because it's a form that the clerk's office. We can't. The fact is we have a complaint that says that fees were charged when they should have. In fact, you do concede that it was wrong, at least to A.N. Anonymous, because that's why you sent a check. So you agreed, oh, we should not have charged. So we have a dispute here whether you agree or not. You did send them a check. So the question then becomes, did the check do what it's supposed to do? And the question that they raise is, well, you have to send it to the right attorney. Okay. So I'll go to the tender, but can I step back just to address the mootness issue as to whether the circuit court clerk is clearly following this court's direction of Gasman 1? There's no – the policy is changed. Whether you say it or not, this case is a live case where they have shown in the complaint that they were charged when they shouldn't have. So their complaint is not filed before our motion to dismiss based on mootness. And because – We filed the motion before the mandate issued. So the court treated them as though they were filed on the same day. The circuit court – The amended complaint and the motion to dismiss for mootness. The circuit court. Right. Your Honor. Well, they treated the amended complaint as if it was filed on the same day as our – The amended complaint was filed on March 7th. Your motion to dismiss for mootness was filed in February before the mandate issue. Right. So the court treated both as filed on the same day because that's when the mandate issued. Yes. That's correct. But the case law that we cited in our brief says that the dispositive motion should be heard prior to the amended complaint because it may dispose of the entire case. And that's what, in fact, happened. The court – and that's what this court has held in previous cases that we cited in our brief. And that's what the circuit court relied on. So they heard our dispositive motion. They found that the tender was correct. And the circuit court properly – Well, if we find the tender was not correct, then you lose. We go back. Correct? I don't – Is that correct? No. Okay. Why is that not correct? Because – If the tender doesn't apply. There's no – the case law is clear that if there's no case or controversy, there is no need for a writ of mandamus because the circuit court clerk is following the policy. Okay. So the amended complaint alleges that notwithstanding the new policy, the clerk is continuing to collect the fee on non-final – for motions to vacate non-final orders. And so why is that not a live controversy? I think that there's a possibility – I'm not saying there was a mistake made. The affidavit and the memorandum direct attorneys, filers, who are – had to pay a fee. There could have been a mistake made, and they are directed to call the legal department and the legal department will refund the money. That's what the – Whether it's a mistake or not is a question of that. There's no question of fact that Gassman 1 is the law of the land and that prior cases where the circuit court clerk made the argument that they were allowed to charge a fee, Your Honors, will the clerk of the Courts Act forbid that fee to vacate a non-final order? So the circuit court clerk changed the policy and they don't charge a fee. Well, apparently they do because we have two people in the amended complaint who are charged a fee. I don't know that that date is after the decision of January – of Gassman 1. So if Gassman 1 comes out, I think we're getting – we're conflating the dates. Okay, so you're saying you don't know or are you saying that you have that – that's in the record? I believe it's in the record. That – believe – okay, you believe what's in the record. I can verify that it's in the record because – That they would charge these fees. It's not between – so this – Gassman 1 comes out in January of 2017. The defendant files the motion to dismiss based on mootness, makes the tender on February 21st, 2017, and then the amended complaint is filed, I believe, March 7th. So the case law is clear where there's no case or controversy. We cited Akinyemi v. J.P. Morgan Chase and Wheatley v. Board of Education, the First District case and the Supreme Court case, where there's no case or controversy and the court can't grant effectual relief, the case is moot. Where's that argument? Where do you say the – you argue that the date of the charge, the plaintiff's, was prior to the issuance of Gassman 1? I'm – so I know that Gassman 1 came out in January of 2017. I know that – I made the argument. Again, I think it's on – you know what, I don't have – let me just see what page of my brief, because my notes are not – I think it's page 6. That's where the mootness arguments for the mandamus are. I can double-check and make sure. It's the – it's the preparatory language after Nature of the Case. I think it's page 6 of my brief. So that's where I say, here, on February 21, 2017, prior to plaintiffs filing their amended complaint, the circuit court tendered – sorry, circuit court clerk tendered the money. We're not talking about the tender. I thought you were not talking about the tender. Well – I mean, that's what I asked you before. I said, if the tender's no good, do you lose? No, because – Okay. Well – Well, it doesn't matter, so don't talk about the tender. Okay. So how do you win if the tender is not to be considered? No, I didn't say the – I'm sorry. I was saying the tender was not incorrect. I'm – Okay. So you can only win – let me ask the question again. You can only win if the tender is found to be correct. I think that's one of three issues that need to be considered here. Okay. So the first is the change – the complete change in policy of the circuit court clerk's office and its intent to completely follow Gaspin 1 as the law of Illinois, because it's the Clerks of the Courts Act. So without considering whether the tender or not? The first argument, does that consider the tender? That's in and out. That's saying that the tender – Yes, well, because there's no – you can't have under the case law – they asked for a written mandamus. There's no need to compel the clerk to do a duty if they're affirmatively representing that they, through their affidavit of their general counsel and their memorandum, that they're not – that they are complying with Gaspin 1. So that's our first argument. So the case is moot. So, well, why would a case be moot? Doesn't the court need to make a decision whether that's true or not? Yes. Does the circuit court make a decision? Yes. The circuit court found that a written mandamus to compel the clerk to follow the correct interpretation as determined by Your Honors in Gaspin 1 and a claim for accounting were moot. That was what the order said. But the trial court was basing that on the Smeltzer memo, which avoids the issues of some orders that look like they're final but really aren't, and clerks at the counter don't know the difference. Well, again – Well, the memo was either incomplete or confusing or just wrong. And the trial court didn't pick up on that. I don't – again, the clerk is following Gaspin 1. I think the memo is correct. I don't think it's incorrect. The memo doesn't say anything about orders that look like they're final but aren't final. Then I think that would be something that's included in the memo of if there's any determination to be made that you consult with the legal office, and I think that whole problem is eviscerated by the cover sheet because the filers – The cover sheet's not in the record, so you have to stop talking about that. We can't pay attention to that. That cover sheet is brand new. Nobody's seen that in the record. And there's no guarantee that clerks who aren't lawyers are generally like grade 13s or cashiers. They're at the counter. They're trying to – the county is beating on them to collect all the money they can, and somebody comes in and shows some motion that says this is a motion to vacate an order, and the Kelley memo doesn't say – or the Smeltzer memo doesn't say, oh, wait, here are the orders that look like they're final but really aren't final, like a motion to change something that's a dismissal of a complaint without prejudice or a DWP. It doesn't identify the ones that the clerks have to keep an eye out for. The clerks aren't making that decision. The counter clerks are expected to make that decision all the time, and so they're going to look to their general counsel and say, general counsel, what should I do? And the general counsel's memo is on its face incomplete because it does not identify the ones that are going to be problematic. It says that if it's a non-final order, it cannot be – there cannot be a charge. Up to the counter clerk then to say, is this not a final order? And then the filer will say it's a motion to vacate a non-final order. Okay. So the allegations of the amended complaint were that two cases were dismissed for want of prosecution in January, and on March 7th, both parties moved to vacate the dismissal for want of prosecution and were charged a $90 fee for that. That's the allegation of the amended complaint. I still think that's – So it's not – it's after the February 21st new policy, which the clerk says, trust me, it solves the issue. No, it's before, Your Honor. You just said it's in January of 2017. No, they were dismissed in January. On March 7th, they both filed motions to vacate the DWP. That's the allegation of the complaint. It was charged on March 7th. The complaint was filed on March 7th. No, the amended complaint was filed later in March. The motion for class certification was filed on March 7th. Okay. Sorry, I misspoke. No, March 26th was the amended complaint. And in the amended complaint, the plaintiff says they're continuing to collect this fee, notwithstanding the new policy. And the affidavit clearly states that if they, meaning the plaintiffs in this case, if someone was charged a fee improperly in that interim period between the gas and one, they could call the Kelley, the smelters. That's long after the opinion in Gasman 1. This is when the mandate issued. So maybe there was. So the clerk knows that we issued our opinion, says you can't collect this. They don't change the policy until February 21st. After they change the policy, which you say solves the problem, on March 7th, two people are charged $90 to vacate a DWP. It doesn't sound like it solved the problem. And again, I would point to the problem is solved. The clerk is not collecting this fee. I know the court doesn't want to take judicial notice of the filing sheet, but the clerk is not making the determination. I'm not saying that a mistake could not have been made or that this didn't happen in March as the allegation of the amended complaint. I'm saying that the tender and a writ of mandamus is not necessary if the clerk has evidenced a policy that they intend to comply with the court's ruling. You know, the policy that you mentioned is if somebody believes they have been wrongfully charged a fee, if they're in the building, they can go talk to somebody. If they're not in the building, they can do something about that. And there's no guarantee they're going to get a refund of that fee. Kelly Spelzer is the general counsel. She's an officer of the court, Your Honor. But according to the policy, it means here's the process you can go through, but there's no guarantee that whoever does it is going to say, okay, here's what we're going to ask. No, there is a guarantee that the clerk is making, has made restitution to these named plaintiffs prior to the, that's the other issue, is that prior to the motion for class certification. And the case law is clear that if the class is not, if they don't move to certify, both. So that was on the same day. Okay. The motion to dismiss for mootness and the class certification motion are filed on the same day. March 7th. Okay. But the case law is clear that the dispenser. If the tender that was made in February isn't precisely correct, then it's not effective. The counsel of record on February 21st was Novoselsky Law Offices. No, it wasn't. He withdrew on appeal. And he had to withdraw on appeal. And Jonathan Novoselsky filed an appearance fee as Jonathan Novoselsky PC at a different address. And when the clerk filed its notice of motion to dismiss the case as moot, they didn't send it to Novoselsky Law Offices, they sent it to Jonathan Novoselsky PC. Well, I don't know that. So there's no dispute that the amount was not correct. It doesn't matter. Here's the thing. You say two things. Due to the tender to the plaintiff, that's the first thing you say, and the change in policy in the clerk's office, there's no case of contradiction. So my question before, you need both. You say due to the tender to the plaintiff and the change in policy. So whether or not there was a change in policy, we can accept. Let's say you did change the policy. You still had to have a tender in order for this case to go away. In order to have a correct tender, you need an amount. Let's say the amount is correct. Okay? Let's concede that. You have to have it to the plaintiff. Let's concede. You send it to the named plaintiff. It also has to go to the right lawyer. As Justice Mason just indicated, and counsel also indicated in his argument, and it's in the record, David withdrew, and Jonathan filed an appearance at a different address with a different firm, and the check was sent to David's firm. Okay. Therefore, we have to reverse. I don't agree. And why was sending it to David okay? Because I think that if he withdrew. He withdrew. How can you send it to a lawyer? I'm not sure he withdrew at the time. I'm telling you, in the record, there is a filing of withdrawal, and there is in the record a filing in which Jonathan pays the fee in order to appear. And appears. Yes. And, in fact, as Justice Mason just said, you even sent the motion to dismiss to Jonathan. So you knew Jonathan existed. Okay. Okay. So fair enough. But then I don't understand why the check could be signed over. The plaintiff said. No, no, no, no. He's not a part. If you withdraw from the case, you withdraw from the case. Can I send you? If I send you a pleading in the case, is that going to be counted? I don't send it to anybody else. I send it to you. But, Your Honor, I thought you said that we sent it to Jonathan Novoselsky. You sent it to David. No, I said you sent it. Oh, I'm sorry. You know. You know. You say. The check was sent to David, right? Okay. It was made out to Novoselsky Law Offices. Which is. Novoselsky Law Offices had withdrawn, had not reappeared, and Jonathan Novoselsky had appeared for the plaintiffs. Again, I would say the tender is still correct. Based on what? Based on the amount was correct. That's a $64,000 question. I think the amount was correct. The plaintiffs were correct. The lawyer was wrong. You have to have the right lawyer. I would submit to the court. As you just said, he would have to cite it over. If he could, maybe he left the country. Who knows why he withdrew? He's not of record anymore. And you have a lawyer of record. These two attorneys are related, Your Honor. Does it matter? Well. Why does that matter? Is there a case that says that a related lawyer stages a thing? I think the basic assumption that you're making that we're having trouble with is that, oh, if some lawyer gets the wrong check, they're going to voluntarily find out who the right person should be to get that money. And I don't think that it's a lawyer's job to do that. I think it's a clerk's job to make sure the check goes to the right person, especially when they're unnoticed who the right person is, which they were in this case. That would make the tender wrong. I think the other assumption you're making is that, oh, if they fix the problem now, we don't have any problem in the interim. There was a problem in the interim. Fees were being collected before you started this new face page that you're talking about that we can't pay attention to. And so at the time that this case, for this particular case, there is still a problem that the fee was being collected. And I don't think that you can get around that. In the amended complaint, you're saying I can't get around the? You can't get around the fact that after the mandamus was issued, the fee was still being collected. Now, so that means the case is live. The case is still a problem. I would still submit to the court that a writ of mandamus is not necessary when the clerk of the court, circuit court clerk, has posited in both an affidavit and a memorandum that they are compliant with. There's no cover page in this case. There's no change of policy that effectively and correctly changes the problem in the case that we have in front of us, the record that we have in front of us. It's in her affidavit and also in her memorandum. The memorandum was incomplete. I think the intent of? We know you. No, no. I'm just trying to point to that. I believe that the intent, if you look at the memorandum and the affidavit as a whole, the intent of the circuit court clerks is to follow Gasman 1. It may have been the intent. Unfortunately, that's not the language. Well, I think it does say that if it's a non-final order, they are not to charge a fee. And, again, it's the filer that's going to tell the clerk, not the clerk who's telling the filer. And I think the case law is clear that it's moot if there's no case or controversy. But you said, again, you said no case of controversy if they have two things. So even if we concede your argument on the mandamus, let's say even if we agree with it, you said, and the tender was good. And so if we don't agree the tender was good, you still lose. I guess I'm positing that I would ask the court if the plaintiff is correct and the amount is correct, which I believe are established completely in the record, and I'm accepting the court's representation that Novoselsky Law Offices withdrew. We argued in our briefs that Novoselsky Law Offices was still the appropriate attorney to send the check to, that they were still the counsel of record. But I understand the court's position that you're saying it's not correct. Okay. But if we were wrong on, and I'm not conceding we are. If we were wrong on that one little thing, that's okay. No, you can't. I don't think we were wrong. If you're going to moot the case, it's got to be every I dotted and every T dot. It's a second argument, Judge. So we have three arguments. So the first is, and I understand the court's position that the memorandum is not sufficient, but that's our first argument, that there's no intent evidenced by that affidavit to violate this court's opinion or holding or ruling that the clerks of the courts, it does not allow the clerk of the circuit court to charge to vacate a non-final order. We are following, and the case law is clear, under both the first district and. . . But that's not what you asked in your brief. I'm not trying to beat a dead horse, but the first argument in your brief is whether the circuit court correctly determined the plaintiff's claims are moot due to tender. That's the first argument.  I was just reversing my argument. I'm sorry. So the tender, the affidavit, and the memorandum, and then our third argument is there's no class here because. . . Well, you didn't make a third argument. Yeah. And the issue's in review. There's only two. I may have combined it into. . . Sorry. I believe it's in where it doesn't fall under the. . . It's either at 11 or 12. So we argue that because the motion to certify the class was not filed prior to our motion to dismiss, that both the Wheatley v. Board of Education, the Illinois Supreme Court case, as well as this first district's case of Ballard-R.N. Center. And I would also add our citation to. . . One second, if I could. To the Barber case versus American Airlines, where the Supreme Court upheld a finding that the plaintiff's case was moot, although the defendants rejected the defendant's tender. So I think the Barber case would be controlling, and Your Honor's point that we sent it to the wrong attorney. And both the Barber case and this first district's case of Gettro v. DKW Enterprises, and I argue those at 14 and 15 of the Ippolese brief, when the plaintiffs are offered the full amount of the damages sought by their complaint, the tender is sufficient, the plaintiffs cannot perpetuate the controversy by merely refusing the defendant's tender. But their case didn't deal with a check made out to the wrong lawyer. So the tender rule is a very specific rule, and if a defendant wants to take advantage of it to moot a case, you have to go through all the steps. And if part of the tender is defective, it's defective. I would argue that the case law says that our tender is not defective. But I don't want to beat a dead horse. Okay. All right. Thank you for your time. Thank you. Mr. Chai, briefly. If you talk about the origins of this country from time immemorial, we're not going to listen to you. I don't even know what you're talking about. I don't even know what happened in the year 1215. It's all a mystery to me. The discussion about the tender, the incorrect tender, the amount of the tender, calls to the fore another aspect of mootness that we didn't discuss the last time, and that is if the government had no right to impose a charge, the government has no right to keep the money it collected. One of the things we requested, as counsel noted in her argument, was an accounting. Tender of the money back to the individual complainant of multiple complainants, regardless of what day of the week it was and who was there and who made the checks payable to whom. If the government had no right to collect the money, and there is a claim for mandamus that sought return of money to the people who paid it, and mandamus is sought on behalf of everybody, irrespective of the Magna Carta, then there is incomplete relief on a mandamus complaint if only one person receives a tender. It is also unusual in this case, of all cases, that a strong argument would be made successfully in the circuit court and unsuccessfully here that the entire controversy was raised judicata because of the specific identity of the lawyer who was improperly and incompletely tendered. This is not, ooh, I forgot, I misspelled the name. This is a person who elevated himself to the subject of a motion to dismiss and an argument before this court in a published opinion that had to cite him by name and in essence say if a man named Novoselsky walks into your courtroom with a valid mandamus claim, forget what he's like and deal with his mandamus claim. And in that context, the tender was improper. This was an attempt to avoid the responsibility of a government agency to comply with the law. It's gone on for 15 years. There is a problem that needs to be fixed. It's not pleasant, but the only way we're going to fix it going forward is if we start by going forward properly. We'll deal with whatever happened in the past in the way courts deal with whatever happened in the past. But we cannot have a society that says we in the government know better than the people who wrote the laws and empowered us to create the laws what the law requires us to do, so go home and leave us alone. We cannot have a land where the government can take that position. You're getting there. I know. I saw it. I saw it. I'm going to push it. I'm taking advantage of our prior relationship. I'm not going to make any crude remarks beyond my normal, and I thank this court very much for the time and attention it's given us. We will take the case under advisement. We thank both attorneys for your arguments and your briefs. Court will stand in recess.